BROWN v. BAY CITY BANK & TRUST CO.

(Court of Civil Appeals of Texas. Austin. Nov. 26, 1913.)

1. APPEAL AND ERROR (§ 879*) — PERSONS WHO MAY ALLEGE ERROR—PERSONS NOT APPEALING.

Where a petition in intervention was dismissed, but the intervener neither appealed nor assigned errors, the effect of the decision of the appellate court on his rights cannot be considered, though he filed a brief asking that judgment for plaintiff be affirmed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3581–3583; Dec. Dig. § 879.*]

2. BILLS AND NOTES (§ 520*)—ACTIONS—MISTAKE.

In an action on vendor's lien notes, evidence held to show that the notes by mistake recited that the conveyance was from the payee to the maker instead of reciting in accordance with the deed that the conveyance was from a third person to the maker.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1813, 1832, 1836, 1837; Dec. Dig. § 520.*]

3. VENDOR AND PURCHASER (§ 267*)—PAYMENT—WHAT CONSTITUTES.

Defendant gave vendor's lien notes in payment for land, and, upon being adjudicated a bankrupt, claimed the land as a homestead, and, to protect his possible interest, deposited with the payee the amount of the note then due under an agreement that it should be returned to him in case it was adjudged that the land was not his homestead. Held, that the deposit did not constitute a payment, even though the payee wrongfully retained it after an adjudication against the claim of homestead; and hence the deposit would not prevent the transferee of the notes declaring the whole series due.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 326; Dec. Dig. § 267.*]

4. JUDGMENT (§ 251*)—PLEADINGS TO SUPPORT.

In an action to foreclose vendor's lien notes, where the plea of intervention filed by the purchaser of the maker's interest was stricken, the court could not in its judgment determine the rights of the intervener to the surplus, if any, after foreclosure; such determination having no support in the pleadings.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 437; Dec. Dig. § 251.*]

5. CONSTITUTIONAL LAW (§ 75*)—POWER OF JUDICIARY—DELEGATION OF POWER.

In a suit to foreclose vendor's lien notes on land, where there were several who claimed the surplus, if any, after foreclosure sale, it was improper for the court to direct a sheriff to pay the surplus proceeds to such person as he might conclude was the equitable owner of the land; that question being a judicial one, and the court having no right to delegate its authority.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 138; Dec. Dig. § 75.*]

Appeal from District Court, Matagorda County; Samuel J. Styles, Judge.

Action by the Bay City Bank & Trust Company against G. R. Brown, in which B. E. Norvell filed a plea of intervention. The intervener's plea was stricken, and judgment was rendered for plaintiff, and defendant appeals. Reformed and affirmed.

Linn, Conger & Austin, of Bay City, for appellant. Gaines & Corbett, of Bay City, for appellee. Rowland Rugeley, of Bay City, for intervener.

KEY, C. J. The Bay City Bank & Trust Company brought this suit against G. R. Brown, predicating its right of recovery upon four promissory notes, executed by the defendant and secured by a vendor's lien on a certain tract of land, which lien the plaintiff sought to have foreclosed. The defendant pleaded a general denial and averred that the first note had been paid, and that the others were not due when the suit was brought.

[1] By permission of the court one B. E. Norvell filed a plea of intervention, alleging that the defendant G. R. Brown had been adjudged a bankrupt and his interest in the land had been sold under order of the bankruptcy court and purchased by him (Norvell), subject to the lien by which the notes sued on by the plaintiff were secured, and he asked that the land be sold to pay the plaintiff's debt, and that whatever excess might remain be paid to him. Upon motion of the defendant Brown, Norvell's plea of intervention was stricken out. As between the plaintiff and defendant, the case then proceeded to trial before the court without a jury, and judgment was rendered for the plaintiff for the full amount of the debt sued for, with a foreclosure of the vendor's lien upon the land, and the defendant Brown has appealed. The intervener Norvell has not appealed nor assigned error, though his counsel have filed a brief, asking that the judgment be affirmed. It may be that his failure to appeal will result in compelling him to pay off and discharge the plaintiff's judgment and thereby prevent a sale of the land, but that is a matter that cannot be considered by this court, as he is not complaining of anything done in the court below.

The decree of foreclosure stipulates and directs that, if a suit shall be brought by any person setting up title to the land before the foreclosure sale is made, then the sheriff shall not pay the excess to any one but shall deposit the same in the registry of the court subject to the determination of the subsequent suit. But, if no such suit is brought, then the decree directs the sheriff to pay over the excess to the person who may then be the owner of the equitable title to the land and be entitled to receive such excess.

The trial judge filed findings of fact which sustain the material allegations in the plaintiff's petition, and also the material allegations in the plea of intervention which was stricken out. Most of the assignments of error presented in appellant's brief relate to the action of the trial court in admitting tes-

timony; but it is further contended on behalf of appellant that error was committed in foreclosing the lien and in not awarding to appellant whatever excess might remain of the proceeds of the foreclosure sale after paying the plaintiff's debt and costs of the litigation. And it is also contended that the proof shows that the first note sued on had been paid before it was assigned to the plaintiff, and that none of the other notes were due at the time the suit was brought. Disregarding the order in which the questions referred to have been stated, we dispose of them as follows:

[2] 1. It is alleged in the plaintiff's petition that the notes sued on were given in part payment for 200 acres of land, part of the Amos Rawls league in Matagorda county, Tex., and described in the petition by metes and bounds; that on the 16th day of March, 1905, J. W. Brown conveyed to the defendant G. R. Brown the tract of land referred to, and as part of the consideration defendant executed the four notes sued on and made them payable to Eliza Kempner, who subsequently transferred them to the plaintiff bank. It was also alleged in the petition that the notes recite that they were given in part payment of the purchase money for a tract of land conveyed to G. R. Brown by Eliza Kempner, which recital it is alleged was an inadvertence and mutual mistake, and that the conveyance was in fact made by J. W. Brown to G. R. Brown, while the purchase-money notes were made payable to Mrs. Kempner, as appears from the deed made by J. W. Brown to G. R. Brown. The deed referred to was introduced in evidence and showed upon its face that it was executed in consideration of ten promissory notes, executed on that day by G. R. Brown, and made payable to the order of Mrs. Kempner, the last four being described in the deed in all respects as they are described in the plaintiff's petition and in the notes put in evidence, except those mentioned in the deed do not contain the recital that the land was conveyed to G. R. Brown by Mrs. Kempner, and the deed showed on its face that it was made by J. W. Brown to G. R. Brown, and that it conveys the land described in the plaintiff's petition and in express terms retains a vendor's lien to secure the payment of the notes.

Considering the notes and deed together, we think it clearly appears that the recital in the notes that the land was conveyed by Mrs. Kempner to G. R. Brown was a mutual mistake, and that the trial court committed no error in holding that the notes sued on were secured by a lien upon the land described in the petition. It was not shown that Mrs. Kempner had ever executed a deed to G. R. Brown conveying any land; and it is altogether improbable that, on the very day that J. W. Brown conveyed to G. R. Brown the 200 acres of land here involved, Mrs. Kempner also conveyed to G. R. Brown another 200 acres of the Amos Rawls league and received from him four notes, exactly similar as to amount, date of maturity, rate of interest, etc., to the notes described in the deed from J. W. Brown.

[3] 2. The notes sued on are numbered 7, 8, 9, and 10; and, according to its face, No. 7 was past due before the suit was brought, and, as that note contained a stipulation providing that the failure to pay it when due would authorize the holder to declare all the notes due, the plaintiff bank exercised its option in that regard and sued on all the notes. The defendant Brown undertook to plead and prove that the first note had been paid before the plaintiff elected to declare all the notes due, and therefore the plaintiff was not only not entitled to recover on that note but that the suit was prematurely brought on the others. The plea of appellant alleged the following facts as constituting such payment: "Defendant would further show: That on January 11, 1912, this defendant sent to H. Kempner, who is a firm composed of Eliza Kempner, the original payee of the said notes, the sum of $410.30 in Galveston exchange at Galveston, Tex., the said sum being the principal of note No. 7, $320, and interest due on note No. 7, and also the interest accrued to December 31, 1911, upon notes Nos. 8, 9, and 10; said notes Nos. 8 and 9 each being for the sum of $320, and note No. 10 being for $330, and each of said notes bearing interest at the rate of 7 per cent. per annum from date until paid. That said money was deposited to protect the payment of said note No. 7, together with interest on notes Nos. 8, 9, and 10, and that the said money was deposited, however, under an agreement and understanding that, if G. R. Brown lost his homestead claim to said land in a controversy then pending in the Bankrupt Court of the United States, he would have the right to withdraw the money, but it was understood between the defendant and Kempner that the said deposit would protect the said note in so far as this defendant was concerned from maturing, and therefore the protection against its payment until said question as to the homestead in the Bankrupt Court should be decided, and that, if the said defendant should lose his claim to the said homestead, then he should have the right to withdraw said sum of $410.30. That the said defendant did lose his homestead claim to the said land in the Bankrupt Court, and the decision was there rendered that the said lands herein was not the homestead of the bankrupt G. R. Brown, the defendant in this case, and that thereafter, on the 1st day of October, A. D. 1912, and prior to the purchase by the plaintiffs in this case of the said notes, this defendant drew upon H. Kempner for the $410.30 so deposited with said H. Kempner to protect the said note No. 7 and the accrued interest on the said notes Nos. 8, 9, and 10, the payment of which said draft was by the said H. Kempner, a firm composed of Eliza Kempner, refused, and

that the said Kempner now retains in his possession the said sum of $410.30, which was placed with him for the protection of said note No. 7 and the interest on said notes Nos. 8, 9, and 10, which matured December 31, 1911."

We agree with counsel for appellee that the facts stated in the plea do not constitute what is termed in law a payment, and appellant did not allege and prove that Mrs. Kempner was insolvent, and therefore in equity he was entitled to have the special deposit referred to in the plea treated as a payment upon the notes. In fact, the record indicates that it will be to appellant's benefit for the judgment in this case to be affirmed and be paid through the foreclosure sale of the land, appellant's interest in which, it seems, has been sold in the bankruptcy proceeding and purchased by B. E. Norvell, who sought to intervene. Now, if this course is pursued, then Mrs. Kempner will be owing appellant $410.30, the amount of his special deposit, and there is nothing in the record to indicate that he cannot compel payment of the same. And it is undoubtedly true that, if he collects that money from Mrs. Kempner, the affirmance of this judgment will result in no loss to him, if the judgment is satisfied with property in which he now has no interest; but, on the contrary, it would seem quite to his advantage. If he has been divested of all of his interest in the land involved, we can readily see why the purchaser of his interest would be interested in having the special deposit referred to treated as a payment upon the plaintiff's debt, because such payment would inure to his benefit, whereas, if the deposit is not so treated, then it belongs to appellant, and he is that much better off than he would be if it was credited on his indebtedness to the plaintiff.

[4, 5] 3. Conceding that counsel for appellant are correct in the contention that the trial court committed error when it admitted in evidence proof of the bankruptcy proceedings against G. R. Brown, including the sale of his interest in the land here involved, the only harm that resulted therefrom to appellant is the failure of the decree to award to him the remainder of the proceeds of the foreclosure sale after paying the judgment and costs, and that error will be corrected in this court. For some reason, not apparent to this court, the trial court struck out Norvell's plea of intervention; and, after doing so, there was no pleading before the court that authorized proof of what had been done in the bankruptcy court. After that plea was stricken out, the litigation was between the plaintiff bank and the defendant G. R. Brown, and the rights of no one else should have been considered. But, even if it had been proper to consider such rights, it was wholly improper for the trial court to incorporate in its decree a provision directing the sheriff, upon any contingency, to pay the sur-

plus proceeds from the sale of the land to such person as the sheriff might conclude was the equitable owner of the land and entitled to such excess. Who was entitled to such excess was a question of law which should have been determined and decreed by the trial court; and, being a judicial question, that court committed fundamental error when it undertook to delegate to the sheriff the decision of that question. Such decision involves the exercise of a judicial function, which the court could not delegate to the sheriff.

Therefore that portion of the judgment of the trial court relating to the disposition of whatever surplus may remain after paying the judgment, interest, and costs will be set aside, and the judgment so reformed as to require the sheriff to pay such surplus to appellant; and, as thus reformed, the judgment will be affirmed.

Reformed and affirmed.